OPINION
{¶ 1} Robby Holt appeals from a summary judgment of dismissal of what the trial court treated as a petition for post conviction relief.
 {¶ 2} Pursuant to pleas of guilty entered in September 1992, Holt was sentenced October 26, 1990, to three concurrent 7-25 year sentences for rape to be served consecutively to two concurrent 3-15 year sentences for felonious assault, for an aggregate sentence of 10-40 years.
 {¶ 3} On August 5, 1999, after an evidentiary hearing, Holt was found to be a sexual predator.
 {¶ 4} On July 29, 2005, Holt, acting pro se, filed a document styled "remedy post sentence" or "post sentence" which contained references to R.C. 2953.23(A)(1)(a)(b) and R.C. 2950.09(D)(1) and subsections "(D)(1)(a) and (D)(1)(b)." (We have not located subsections (D)(1)(a) and (D)(1)(b) in the Revised Code).
 {¶ 5} On September 9, 2005, pursuant to the State's motion, the trial court granted a summary judgment of dismissal.
 {¶ 6} Holt appealed pro se and, for his opening appellate brief, filed the same document — i.e., "remedy post sentence" or "post sentence" — that he filed in the trial court. There are, of course, no assignments of error, and Holt's document, in most respects, falls short of the requirements for briefs in App.R. 16(A).
 {¶ 7} In essence, Holt appeared to argue that he was entitled to minimum sentences per Blakely v. Washington (2004),542 U.S. 296, and, accordingly, to resentencing.
 {¶ 8} In its appellate brief, the State responds to Holt's contention in the trial court that he is entitled to resentencing. The State correctly points out that Blakely does not apply to Holt because his conviction is not pending on direct review. R.C. 2953.23(A)(1)(a); U.S. v. Booker (2005),125 S.Ct. 738, 745; State v. Foster (2006), 109 Ohio St.3d 1,2006-Ohio-856.
 {¶ 9} In a response to the State's brief, Holt argues for the first time that the trial court and State changed his "post sentence remedy" to a "post conviction remedy," violating due process and rendering his conviction void or voidable. Holt provides no persuasive support for this argument. Indeed, there is no basis for this argument because Holt invoked R.C.2953.23(A)(1)(a)(b) — which deals with untimely petitions for post conviction relief — in his document styled "remedy post sentence" or "post sentence" which commenced this proceeding in the trial court.
 {¶ 10} Holt also seems to argue in this response that the trial court was without jurisdiction to determine — in 1999 — that he was a sexual predator on account of the rapes of which he was convicted and sentenced in 1992.
 {¶ 11} Nothing of record suggests that the sexual predator determination was not based on sufficient evidence. Holt's jurisdictional argument appears to be based upon a claim of constitutional infirmity because R.C. 2950.09, which provides for sexual offender classification, did not exist when Holt was convicted of and sentenced for rape in 1992. However, in Statev. Cook (1990), 83 Ohio St.3d 404, the court unanimously held that R.C. 2950.09, as applied to conduct occurring prior to the effective date of the statute, violated neither the Retroactivity Clause of Section 28, Article II of the Ohio Constitution or the Ex Post Facto clause of Section 10, Article I of the United States Constitution.
 {¶ 12} The judgment appealed from will be affirmed.
Grady, P.J. and Donovan, J., concur.